Please be seated and the clerk will call the next case. 3-14-08-38 Peoria Journal Star and Matt Ludell at Belize by Esther Seeds v. City of Peoria Account by Syed Ahmad. Mr. Ahmad? Good afternoon. Again, I'm Syed Ahmad. I'm appearing on behalf of the City of Peoria in this case. This case is about an exemption under the Freedom of Information Act, which I'll most likely refer to FOIA throughout my comments. Namely, specifically, I should say, Exception 7-1-N of FOIA. The 7-1-N exception, as you may be aware, exempts from disclosure records relating to a public body's adjudication of employee grievances or disciplinary cases. In this case, the subject of disclosure that the other party is seeking is the special report that was created by Sgt. Curie Davis as part of what resulted in a disciplinary case. Her special report was one of many documents that were requested by the opposing party. The other documents were released, but namely the special report was not. Now, as part of the case in the lower level, the special report was withheld, but it was presented to the court for in-camera inspection. However, an affidavit was provided, and in the affidavit, the officer who was in charge, the lieutenant in charge of professional standards at the City of Peoria Police Department, submitted an affidavit indicating that the special report was an employee grievance filed by Sgt. Curie Davis, who was an employee at the City of Peoria, against other employees at the City of Peoria. The affidavit also mentioned that it led to disciplinary cases, again, internal cases, which were ultimately adjudicated by Lt. Todd Green himself. Now, if we were to read the statute and take its facial meaning, we would see it says, records relating to a public body's adjudication of employee grievances or disciplinary cases are exempt. In other words, the City of Peoria may withhold those documents under FOIA. The issue turns, we believe, on the definition of the term adjudication. Now, I do want to briefly mention previous cases. There are not an awful lot of previous cases on point with this section. I believe before FOIA, the Freedom of Information Act, was amended as recently as 2010. So, in fact, there's only one real on point or close to on point case that we have, and that's the Calvin case, which comes out of the First District, and it involved the City of Chicago Police Department. In that case, the subject of disclosure, the subject of argument in front of the court, was the complaint register, or CRs. The Calvin court ultimately ruled that CRs have to be disclosed, that they're not exempt. The reason why I'm here today is to point out to you the differences between a CR and a special report. Now, a CR, a complaint register at the City of Chicago Police Department, was merely a complaint that was made against an officer that you would have the police department take a look at briefly, and perhaps investigate, and perhaps even adjudicate based on that. The Calvin court ultimately ruled that the CRs and the complaint registers must be disclosed. However, it specifically pointed out that CRs may become exempt from disclosure if they are related to an adjudication. What we have here is a special report, which is kind of like a CR. Not exactly, because the special report is created by a City of Peoria employee. A CR at the Chicago Police Department is normally created by citizens. This special report was not created as part of the adjudicatory process, isn't that right? That's correct, your honor. And it was before the police department even started an investigation. That's correct, your honor. Yet you say it would qualify for the limited employee adjudication exemption, right? That you're saying that it's different. That's correct. And the reason why I'll say it's different is, again, I'll refer back to the Calvin case, which says that a CR can become exempt if it leads to an adjudication or if it becomes part of an adjudication. So a special report, while it may be the original document that originates the actual adjudication, but because an adjudication took place and that special report was part of that adjudication, it becomes related to it, much like as the Calvin court indicated, that a CR in the city of Chicago would become exempt if it were related to an adjudication. Now, I do want to point out the definitions of adjudication that were previously used by the courts, and it could be as simple as, under the Calvin case, a legal process of resolving a dispute. A big part of the disagreement between the parties in this case is whether or not it was an adjudication. What we have here is an affidavit by Lieutenant Green who indicates, A, that he was the adjudicator, and B, that he followed a process that was in place. Again, a legal process, an internal legal process, which was based on the city of Peoria police department regulations. It was based on, I believe he indicated, the Illinois Uniformed Peace Officers Disciplinary Act and the city of Peoria and Peoria Police Benevolent Association bargaining agreement. So he was following the process. As part of the process, the other employees against whom the grievance was filed, who were subject to a disciplinary adjudication, were even afforded a right to an attorney when they were making statements or when they were being adjudicated. So the argument that the city of Peoria has is, in fact, at the end of the day, there was an adjudication, and that adjudication came out of the special report that was created by Sergeant Kerry Davis. Now, it is rather difficult. How would that differ from the CRs in the Calvin case? Well, generally the CRs are an effort to gather factual information about the complaints, but they do not involve a formalized legal proceeding, and that's an actual quote from the Calvin case. Because there is no formalized legal proceeding at the end of CRs, generally speaking, CRs are not exempt. But if there is, again, the Calvin court states that, if there is adjudication attached to it, then they can become exempt. So our contention is the special report in our situation is related to an adjudication of multiple employees, and because of that, it has become exempt. Now, I am... Is there a bright line we can draw here between adjudication and everything else? Well, I think... Well, the statute itself is not very clear, and I think the concern the city of Peoria has, and I'm sure municipalities across the state as well, is because there is no definition of an adjudication, and it could be as broad or simple as a legal process, at least to... that's a legal process of resolving a dispute. The case has to be, or the ruling has to keep in mind, that there has to be, that the legislature intends something to be exempt. And the reason why I state that is because the latter part of the exception actually says, this exemption shall not extend to the final outcome of the cases where discipline is imposed. So what we will have is a legal process where the end point, the actual order, or the actual decision, is not exempt. I think the bright line has to be made saying, well, during the adjudication, whatever was used has to be exempt. Because if we were to remove that and say, the documents created as part of the adjudication or before the adjudication that were used during the adjudication, if we were to say that those are not exempt, then we'll be left with essentially a statutory clause with no teeth whatsoever. Which would mean that if you have an adjudication, whatever comes subsequent to it is not exempt anyways, and if we were to not follow the definition proposed by the city of Peoria here, then we would essentially say anything before that is not exempt either. In effect, we will say the exemption doesn't exist, and I think that's not the legislature's intention here. So I think that... You see, what is troubling to me is that, obviously, anything that was created during the adjudication, except for this, fits, right? In what sense? It's created during the adjudication. Right. But this is a document created before the adjudication. That's correct, Your Honor. Now, our contention is that even though it was created before the adjudication, because that document was used for the adjudication, it's related to it. And our contention is not just based on the language of the statute, but also by the Calvin case, which clearly points out that complaint registrars, or CRs, in the case of the city of Chicago, can become exempt if they're related to an adjudication. So under your theory, any and everything that is created long before an adjudication, if that document or information then is somehow used in the adjudication, it's open. Well, our contention is if a document is created for the purpose of the adjudication or is going to be directly related to an adjudication where an adjudication is going to take place, then at that point it does become exempt. Now, if a document is created, but let's say if it could be five years down the line, be used for an adjudication, well, at that present time, the city of Peoria or any other municipality would not know that, so they would not be able to use that exemption. But once you know that you're going to have an adjudication, I think that document would become exempt, no matter when it was created. So it's non-exempt and then exempt. That's entirely possible. And I'll give you an example, Your Honor. It's as though if you were to make an arrest for a criminal case, there would be situations where the police department, as part of their investigation, would create a file and complete their investigation, and the state's attorney decides not to charge that case immediately. Well, the completed investigation would become public. However, if the state's attorney decides that they're going to open a case, then all those documents, when they go to the state's attorney's office, they would not be exempt because they're part of an open case. So it's a similar situation, and that's the city of Peoria's intention, in that if there is an adjudication that took place, or if there's an adjudication that is planned, and you know the documents are going to be used there, then those documents have to be exempt. Now, what I do want to point out is the difficulty in actually meeting the burden for the city of Peoria. While I understand that our duty was to prove by clear and convincing evidence, however, we're limited in making our proofs via an affidavit. And the Bodan case, and I believe it's Bodan, or it could be Bodan, versus City of Crystal Lake, Second District, says that a detailed justification for its claim of exemption, addressing the requested documents specifically, that allows for adequate adversary testing, makes it a sufficient affidavit. And I know at the lower level there was a contention as to whether or not an adequate amount of information was given in the affidavit. If you were to look at the record, you would notice that the opposing counsel actually spent quite a substantial amount of time making arguments. And by making those arguments, the opposing counsel essentially showed that there was enough information where they could adequately test it. The affidavit was tested. It is very specific as to the facts. We have the lieutenant indicating that he, in fact, conducted the adjudication. We have a lieutenant who indicated that the parties who were subject to the disciplinary adjudication were given the right to have legal counsel, and that the document that Sergeant Kerry Davis created, essentially it was an employee grievance, and that employee grievance led to adjudications against more than one other employee. Green, I mean, I know he called his actions an adjudication, but he really doesn't have the final word on adjudication. He didn't really make a final determination. There was still another step. I mean, something is brought against these employees, and under their bargaining agreement he gathers the information and says, hey, this complaint has been lodged against you, and you have the right to have an attorney here. We're going to investigate this and determine whether or not you're going to be subject to discipline. Your Honor, my understanding is that Lieutenant Green actually gets to make the decision as to whether or not the person violated the rules. Now, he does not have the authority. Again, I know it's not in the record. He does not have the authority to levy the punishment. That's determined by seniors based on the agreement, but he is the one that gets to determine whether or not the person was, in fact, guilty of committing the violations. So for us, that's a legal process. That's a decision-making authority that he has in determining whether or not the person is guilty or not guilty, for lack of a better term. And because he has that authority, he is an adjudicator. Because at the end of the day, he's followed the legal process, and he's decided, he's adjudicated on one way or the other how the case is going to conclude. Counsel, that's two minutes. And really, that does conclude my comments. If you have any more questions. I don't see any. Yes, Your Honor. Thank you. Thank you. This is at Sites or C? Sites. Sites. You may proceed. Your Honors, may it please the Court, my name is Esther Sites, and I'm here on behalf of Peoria Journal-Star and its journalist, Matthew Dell. The city invokes a single exemption here. That exemption is found in Section 7-1N of the Illinois Freedom of Information Act, and it reads as follows. It applies to, quote, records relating to a public body's adjudication of employee grievances in disciplinary cases. The crucial word here is adjudication, and we agree with the city on that point. The exemption, as all exemptions to the Illinois FOIA, has to be narrowly read. And because of that, the few courts that have had an opportunity to interpret this exemption were careful to limit its reach to the adjudicatory phase of the legal process. That is, those courts were careful to distinguish and to not have the exemption apply to the investigative phase of the case. So, the question is whether the special reported issue here was a record relating to an adjudication of employee grievance in disciplinary cases. The word adjudication is not defined in the FOIA, but Black's Law Dictionary offers a definition, and that definition provides, quote, the process of judicially resolving a case, end quote. There's also case law from the Illinois courts and from the U.S. Supreme Court that makes clear that an adjudication involves a detached, impartial decision maker, whether that decision maker is of a quasi-judicial or a judicial nature. Those cases, which we cited in our briefs, also highlight the distinction between an investigative and an adjudicative phase. The investigative phase refers to evidence gathering. It refers to what generally is done by a prosecutor. It refers to the receipt of complaints and the review of those complaints in order to make a determination whether or not charges should be filed. The adjudicative phase is separate, and separation of powers principles demand that separation. The adjudicative phase involves the digestion of the information brought forward by the prosecutor for the resolution by a neutral and independent judicial or quasi-judicial body. The case here centers around the special report, which was authored by Sgt. Carrie Davis, a police officer. In it, she accuses her colleagues of misconduct. When Sgt. Davis wrote the special report, the city did not have an ongoing investigation, and as Justice Carter pointed out, the city opened an investigation because of the special report. But that means the special report existed independently of, and in fact prior to, the city's investigation of this matter and long before the city decided to adjudicate this matter. In trying to show that the special report relates to an adjudication, the city produces the affidavit of Lt. Todd Green. Now, Lt. Green is a police officer, and he is the head of the city's professional standards division. In his affidavit, he swears that he conducted a formal adjudication based on the special report, that is prompted by the special report, that he conducted the adjudications, and that they were conducted pursuant to the city's collective bargaining agreement with its police union, and under the Uniformed Peace Officers Disciplinary Act. Now, the collective bargaining agreement is not in the record, and therefore is not part of the evidence that the city brought forward in meeting of burden of proof by clear and convincing evidence, as it must in the FOIA, to show that the record is exempt. But the Uniformed Peace Officers Disciplinary Act is a state statute, and it's available to this court, and we would invite this court to examine that statute, because that statute is very clear that it deals with investigations and interrogations of police officers facing charges. Sure, there are rules that govern those interrogations, and the officers have the right to bring counsel with them, but that does not turn the investigative process into an adjudicative one. Lieutenant Green and his office conduct investigations. That's what they did here. He cannot also be the adjudicator of any resulting charges, and if that was the case, our legal system's concept of adjudication, which is rooted in constitutional separation of powers principles, would be turned on its head. So, what Lieutenant Green here wasn't an adjudication, but even if it was, it isn't related to it, because it was created independently. The special report was created independently and prior to an adjudication. The city tries to make much of the fact that the special report here led to an adjudication, but the fact that a record eventually is used in an adjudication doesn't trigger Section 7-1N. It's simply not enough. If that was the case, a public body could claim as exempt any record that could conceivably end up in litigation, and of course, any record could eventually end up as part of a lawsuit. Because the special report here was created independently of and prior to the city's adjudication of the employee grievance cases, the record is not exempt under Section 7-1N and must be released. The city simply has not met its burden of proving by clear and convincing evidence that the record is exempt. So, the circuit court appropriately ordered the city to turn over the special report, and we would ask that this court affirm. Any questions? Thank you. Thank you. Mr. Allen for rebuttal. Thank you, Your Honor. Just very briefly, I do want to address a couple of points that were raised, one of them regarding other case law. As I indicated earlier, this is a relatively less tried part of the statute FOIA, but we do have a couple of cases that emanate out of federal court, again, involving the city of Chicago. In those cases, again, the courts found, and these are, again, the decisions have varied, but the courts have found that the city of Chicago would be fair and right in not disclosing those documents if they relate to an adjudication. Now, I understand the contention made by the opposing party that, well, any document could eventually end up in adjudication. Well, this is true. And that's why when any case starts, the documents in that case file become exempt, and that comes down to attorney-client privilege, also for an attorney to be able to do their work. And I'll give you an example that I face on a weekly basis. The files that I maintain where we either prosecute individuals or even civilly litigate against individuals, my file can contain a lot of documents from varied places. However, the citizens would not have the opportunity or would not have the right, I should say, to say, well, open up your file entirely. While they can definitely ask for specific documents from different scenarios, but if there's a document that I need for my file, I think confidentiality would require that it stay in my file until the conclusion of that case. The outside argument, though, as opposed to the investigative report, which is just a preparation. I guess you could have decided there was no damaging. You're correct. It would be a work product argument, but it's a similar situation. Now, the distinction over here is that the state legislature has specifically said or specifically created scenarios where outside of work product, you could keep those documents out, and that's if they are related to an employee grievance or disciplinary case. So if it's a disciplinary case, then beyond work product, you have an extra layer of protection, which is this FOIA exemption, which says because it's related to it, it's exempt. But I guess you call it an added layer of protection, but it could also be seen as a loophole big enough to drive a semi through and just to cut the entire reasoning of rationality in the FOIA in the first place. You can say, well, this could be part of an adjudication. It's exempt, and you can relate that to anything. Don't you think that it sort of thwarts the intent of the legislation? Well, I think that there's a simple solution, at least in our case, in regards to that scenario, and that would be for this court to send it back to the lower court to determine whether or not the special report legitimately belongs as part of this adjudication so that the city of Peoria is not, for example, using unrelated documents and putting it in the file and calling them exempt. This document was released for in-camera review by the court, and the court can go back in with that ruling, take a look at the document, and say, well, is this legitimately a part of the adjudication? Is this legitimately fit in that file? And if it does, it's exempt. If it doesn't, then the court can absolutely order the city of Peoria to disclose that document. Now, I do want to point out that the adjudication in this case, it's an internal adjudication regarding employee grievance. We're not talking about taking individuals to court or to an outside hearing officer. Normally, when it comes to employee issues, the adjudications do take place in-house. Now, if the employee disagrees with that, the employee may have a mechanism in place to go to court and sue the city of Peoria, for example, but I don't think that this exemption necessarily applies to that, per se. Counselors, one minute. Just very briefly, generally speaking, I think investigations become part of an adjudication. Once the adjudication takes place, the documents that are created as part of the investigation, as long as they're placed in the adjudication and are used to make a decision, ultimately are documents that are related to that adjudication, because without those documents, there would be no adjudication. And those are my comments, and I would hope that this court would overturn the ruling of the district court. Thank you. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued as soon as possible. And right now, we'll take a brief recess for panel discussion. All rise. The court is being recessed.